UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

RENE MESA,                                              Case No.:
    Plaintiff,
-v-

NCO FINANCIAL SYSTEMS, INC.; BANEL
C. HUGHES, an individual; JOHN DOE #1,
an individual; JOHN DOE #2, an individual;
    Defendants.

**JURY TRIAL DEMANDED**

**COMPLAINT**

Plaintiff, RENE MESA, through legal counsel, hereby sues Defendants, NCO FINANCIAL SYSTEMS, INC.; BANEL C. HUGHES, an individual; JOHN DOE #1, an individual; and JOHN DOE #2, an individual, jointly and severally, for violations of 15 U.S.C. § 1692 *et seq.*, known as the Fair Debt Collection Practices Act (hereafter "FDCPA"), Fla. Stat. § 559 *et. seq.* (Part IV), known as the Florida Consumer Collection Practices Act (hereafter "FCCPA"), and Fla. Stat. § 501.20491, known as the Florida Deceptive and Unfair Practices Act (hereafter "FDUTPA"), and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for actual and/or statutory damages brought by Plaintiff against Defendants for violations of FDCPA, FCCPA, and FDUTPA.

2. Upon information and belief, Plaintiff contends that many of these practices are widespread for some or all Defendants. Plaintiff intends to propound discovery to Defendants identifying the John Doe(s) and other individuals who have suffered similar violations.

3. Plaintiff contends that Defendants have violated such laws by invading Plaintiff's right to privacy, engaging in illegal debt collection and failing to comply with federal and state law as more fully stated herein.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises under 15 U.S.C. § 1692k, Fla. Stat. § 47.051, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §§ 1331, 1337, and 1367.

5. Venue is proper pursuant to 28 U.S.C. § 1391b and Fla. Stat. § 559.77.  Venue in this district is proper in that Plaintiff resides here, Defendants transact business in this district, are registered as doing business in Florida and the conduct complained of did in fact occur in this district.

6. This is an action for actual and/or statutory damages which exceed $9,000.00, exclusive of interest and attorney's fees.

## PARTIES

7. Defendants engaged in activity allegedly engaged in a pattern or practice to engage in the collection of a "debt" pursuant to 15 U.S.C. § 1692a(5): definition of a "debt" is defined as an obligation for money, goods, insurance, or services for primarily personal, family, or household purposes.

8. Plaintiff, RENE MESA (hereafter "Plaintiff") is a natural person and is a resident of the state of Florida.

9. Defendant NCO FINANCIAL SYSTEMS, INC. (hereafter "NCO") is a known entity authorized to do business in Florida.

10. Upon information and belief, Defendant BANEL C. HUGHES (hereafter "HUGHES") is an individual that works for NCO as a debt collection representative and allegedly works in the collection/accounting department.

11. Upon information and belief, JOHN DOE #1 is an individual that works for NCO as a debt collection representative, who has unlawfully assisted and unjustly profited from Defendant NCO's illegal debt collection activities.

12. Upon information and belief, JOHN DOE #2 is an individual that works for NCO as a debt collection manager/supervisor, who has unlawfully assisted and unjustly profited from Defendant NCO's illegal debt collection activities.

## FACTUAL ALLEGATIONS

13. On or about July 11, 2013, at 11:05 A.M., Plaintiff was called by an unknown party calling from telephone number 614-717-4395.

14. Plaintiff was traveling in his automobile at the time.

15. The caller stated, "May I speak with Rene Mesa?".

16. Plaintiff asked for the caller to identify themselves; the caller refused to identify themselves and asked again for Mr. Mesa.

17. Plaintiff admitted to being Mr. Mesa.

18. Defendant JOHN DOE #1 failed to identify themselves as Defendant NCO or affiliate with same.

19. Defendant JOHN DOE #1 stated that they were calling about a student loan payment and began demanding payment; however, Defendants NCO had no contract with Plaintiff.

20. Defendant JOHN DOE #1 failed to state that the call was an attempt to collect a debt.

21. Plaintiff has no contractual obligation to pay Defendant NCO or its affiliates.

22. Plaintiff then asked how much was allegedly owed.

23. Defendant JOHN DOE #1 stated that Plaintiff owed an undetermined amount.

24. Plaintiff asked for the exact amount owed to Defendant NCO.

25. Plaintiff asked how said amounts were owed to Defendant NCO.

26. Plaintiff stated that no amounts are owed to Defendant NCO.

27. Plaintiff was bewildered as to how money was owed to Defendant NCO and why it was allegedly owed to them.

28. Defendant JOHN DOE #1 could not tell Plaintiff with certainty how much was owed.

29. Plaintiff was irritated and frustrated by the call from a party that failed to identify themselves, with no express permission to call Plaintiff, asking Plaintiff for money for a company with whom Plaintiff had no prior contact or contract.

30. Plaintiff then asked to speak with a supervisor and was put on hold.

31. Plaintiff was on hold for more than 5 minutes.

32. Defendant HUGHES answered the telephone.

33. Defendant HUGHES began to ask Plaintiff for very personal and confidential information and Plaintiff refused to divulge same.

34. After some research by Defendant HUGHES, access to Plaintiff's collection information was allegedly obtained.

35. Defendant HUGHES stated that she was not sure exactly how much was owed either.

36. Plaintiff inquired as to how this unknown party could ask Plaintiff to pay money to an unknown party for an unknown amount allegedly owed for a school loan.

37. Defendant HUGHES then began to ask Plaintiff for confidential information including Plaintiff's social security number.

38. Plaintiff refused to give Defendant HUGHES his social security number.

39. Defendant HUGHES then became irate and rude with Plaintiff and began to interrupt and demand that Plaintiff pay attention to her attempt to collect a debt.

40. Plaintiff stated that he disputed the debt and orally requested strict proof of validation and that Defendant NCO was to cease and desist all telephone calls.

41. Defendant claimed that Plaintiff's request for an exact amount owed was unreasonable.

42. Defendant HUGHES became belligerent, continued to interrupt Plaintiff and the call was disconnected.

43. Plaintiff still does not know the amount claimed by Defendant NCO.

44. Defendant NCO and its representatives failed to send Plaintiff an assignment of consumer debt as required by Florida Statute § 559.715.

45. Defendant NCO and its representatives failed to send Plaintiff a dunning letter or any demand letter for payment of the alleged debt.

46. Defendant NCO and its representatives has failed to validate the debt.

47. Defendant NCO and its representatives has failed to produce a contract between them and Plaintiff.

5

48. Defendant NCO and its representatives used false representations to collect or attempt to collect a debt.

49. Defendant NCO and its representatives used unfair and deceptive practices to collect or attempt to collect a debt.

50. Defendant NCO and its representatives asserted a right which it lacks, to wit, the right to enforce this debt.

51. Defendant NCO and its representatives are in violation of Florida Statute § 559.715, which is a condition precedent and applies to those entities receiving assignments of consumer debts and, having failed to comply by providing notice to Plaintiff within 30 days after assignment, Defendant NCO and its representatives were precluded as a matter of law from collecting the alleged debt.

52. Defendant NCO and its representatives are in violation of FDCPA because they failed to timely send a dunning letter and was precluded as a matter of law from collecting the alleged debt any further.

53. Plaintiff avers that Defendant NCO and its representatives are not the proper parties to enforce the debt and have failed to comply with all conditions precedent to bring claims or engaging in collection activity against Plaintiff.

54. Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, and/or private concerns or affairs.

55. These intrusions and invasions by Defendant NCO and its representatives occurred in a way that would be highly offensive to a reasonable person in that position and the "least sophisticated consumer".

56. JOHN DOE #2 is an individual working for NCO as a debt collection manager and failed to properly train HUGHES and JOHN DOE #1 in proper debt collection practices in accordance with state and federal laws, but is an NCO representative and allegedly works in the consumer debt collection department.

57. As a result of such invasions of privacy, and violations of the state and federal laws, Plaintiff is entitled to statutory and actual damages in an amount to be determined at trial from each and every Defendant.

58. Upon information and belief, JOHN DOES #1 AND #2, are those debt collectors who facilitate and profit from NCO's unlawful debt collection activities as described herein, and include, but are not limited to, NCO's debt collectors, debt collector attorneys, debt collector law firms, and debt collector officers and directors of NCO.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692, KNOWN AS THE FAIR DEBT COLLECTION PRACTICES ACT, BY DEFENDANTS NCO, HUGHES, JOHN DOE #1, AND JOHN DOE #2**

59. Plaintiff alleges and incorporates the information in paragraphs 1 through 58.

60. With respect to the "congressional findings and declaration of purpose" portion of the FDCPA, the United States Congress had declared at 15 U.S.C. § 1692:

   a. Abusive practices: There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

   b. Inadequacy of laws: Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

61. At all times relevant hereto, Plaintiff was a "consumer" as defined by 15 U.S.C. § 1692a(3).

62. At all times relevant hereto, all defendants were acting as "debt collectors" as defined by FDCPA, 15 U.S.C. § 1692a(6).

63. Defendants NCO, HUGHES, JOHN DOE #1 and JOHN DOE #2 engaged in a debt collection practice in violation of § 1692b(1) titled "Contact of Third Party", where they failed to identify themselves and failed to state that collector is confirming or correcting location information.

64. Defendants NCO, HUGHES, JOHN DOE #1 and JOHN DOE #2 engaged in a debt collection practice in violation of § 1692d, to wit: "[a]ny conduct the natural consequence of which is to harass, oppress, or abuse any person."

65. Defendants NCO, HUGHES, JOHN DOE #1 and JOHN DOE #2 engaged in a debt collection practice in violation of § 1692d(6) when they placed telephone calls to Plaintiff without disclosing his/her identity.

66. Defendants NCO, HUGHES, JOHN DOE #1 and JOHN DOE #2 engaged in a debt collection practice in violation of § 1692e by committing "[a]ny other false, deceptive, or misleading representation or means in connection with the debt collection."

67. Defendants NCO, HUGHES, JOHN DOE #1 and JOHN DOE #2 engaged in a debt collection practice in violation of § 1692e(2) by misrepresenting to Plaintiff the true character, amount, or legal status of the alleged debt.

68. Defendants NCO, HUGHES, JOHN DOE #1 and JOHN DOE #2 engaged in a debt collection practice in violation of § 1692e(11) when their communications failed to contain the mini-Miranda warning which the section requires them to read: "This is an attempt to collect a debt… communication is from a debt collector."

69. Defendants NCO, HUGHES, JOHN DOE #1 and JOHN DOE #2 engaged in a debt collection practice in violation of § 1692g(a)(1). They were required to state the amount of the debt and failed to do so.

70. Defendants NCO, HUGHES, JOHN DOE #1 and JOHN DOE #2 were negligent in their debt collection practice against Plaintiff.

71. Defendants NCO, HUGHES, JOHN DOE #1 and JOHN DOE #2 did violate 15 U.S.C § 1692d (which states a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt) when they caused frustration to Plaintiff and acted belligerent and rude.

72. Defendants NCO, HUGHES, JOHN DOE #1 and JOHN DOE #2 did violate 15 U.S.C. § 1692e(2) by falsely representing the character, amount, or legal status of the alleged debt whereas stated here.

73. Defendants NCO, HUGHES, JOHN DOE #1 and JOHN DOE #2 did violate 15 U.S..C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken whereas stated here.

74. Defendants NCO, HUGHES, JOHN DOE #1 and JOHN DOE #2 did violate 15 U.S.C. § 1692f(1), which states it is a violation for "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

75. As a consequence of the acts of Defendants NCO, HUGHES, JOHN DOE #1 and JOHN DOE #2, Plaintiff is entitled to damages and to relief.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendants NCO, HUGHES, JOHN DOE #1 and JOHN DOE #2 for actual and/or statutory damages, punitive damages, and attorney's fees and costs, pursuant to FDCPA.  Plaintiff respectfully requests that this court award damages, and any other just and appropriate relief under the law, including but not limited to, attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

**COUNT II**
**VIOLATION OF FLA. STAT. § 559 (PART IV), KNOWN AS THE FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), BY DEFENDANTS NCO, HUGHES, JOHN DOE #1, AND JOHN DOE #2**

76. Plaintiff alleges and incorporates the information in paragraphs 1 through 75.

77. At all times relevant hereto, Plaintiff was a "consumer" as defined by Fla. Stat. § 559.55(2).

78. At all times relevant hereto, Defendant NCO was acting as a "debt collector" as defined by Fla. Stat. § 559.55(6).

79. At all times relevant hereto, Defendant HUGHES was acting as a "debt collector" as defined by Fla. Stat. § 559.55(6)(a).

80. At all times relevant hereto, Defendants JOHN DOE #1 and JOHN DOE #2 were acting as "debt collectors" as defined by Fla. Stat. § 559.55(6)(a).

81. Defendants NCO, HUGHES, JOHN DOE #1 and JOHN DOE #2 violated Fla. Stat. § 559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate.

82. Defendants NCO, HUGHES, JOHN DOE #1 and JOHN DOE #2 violated Fla. Stat. § 559.72(15) when they refused to provide adequate identification of herself or himself or

her or his employer or other entity whom she or he represents when requested to do so by a debtor (Plaintiff) from whom she or he is collecting or attempting to collect a consumer debt.

**WHEREFORE**, Plaintiff demands judgment for damages against Defendants NCO, HUGHES, JOHN DOE #1 and JOHN DOE #2 for actual and/or statutory damages, punitive damages, and attorney's fees and costs, pursuant to Fla. Stat. § 559.77. Plaintiff respectfully requests that this court award damages, and any other just and appropriate relief under the law, including but not limited to, attorney's fees and costs.

### COUNT III
### VIOLATION OF FLA. STAT. § 501.20491, KNOWN AS THE FLORIDA DECEPTIVE AND UNFAIR PRACTICES ACT (FDUTPA), BY DEFENDANTS NCO, HUGHES, JOHN DOE #1, AND JOHN DOE #2

83. Plaintiff alleges and incorporates the information in paragraphs 1-82.

84. FDUTPA provides for a civil cause of action for "unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.20491 (2005).

85. This is an action for damages pursuant to FDUTPA § 501.201, *et seq*. (hereafter "Act")

86. The provisions of Act are to be liberally construed to promote the following policies:

   a. To simplify, clarify, and modernize the law governing consumer protection, unfair trade practices; and

   b. to protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce. Fla. Stat. §§ 501.202(1) and (2).

87. At all times relevant hereto, Plaintiff was a "consumer" as defined by Fla. Stat. § 501.203(7).

88. At all times relevant hereto, all defendants were engaged in "trade or commerce" as defined by Fla. Stat. § 501.203(8).

89. Defendants NCO, HUGHES, JOHN DOE #1 and JOHN DOE #2 failed to observe proper debt collection practices as required by state and federal law.

90. Defendants NCO, HUGHES, JOHN DOE #1 and JOHN DOE #2 violated Act by engaging in unfair and deceptive acts and practices including, but not limited to:

   a. Defendants failed to comply with conditions precedent to collecting a debt as required under state and federal law.

   b. Plaintiff was not the proper party to contact for debt collection practices.

   c. Defendants have no contract with Plaintiff.  Defendants NCO, HUGHES, JOHN DOE #1 and JOHN DOE #2 need to properly observe state and federal debt collection practices.

   d. Defendants NCO, HUGHES, JOHN DOE #1 and JOHN DOE #2 had no right to novate a contract with other parties and Plaintiff.

   e. Plaintiff never received constructive notice of assignment as required by state and federal law.

   f. Plaintiff never received a dunning letter from NCO.

91. Defendants NCO, HUGHES, JOHN DOE #1 and JOHN DOE #2 violated Act by engaging the listed acts of unconscionable conduct, or unfair deceptive practices in the conduct of trade or commerce.  Defendants NCO, HUGHES, JOHN DOE #1 and JOHN DOE #2 claimed to observe federal and state law when they did not and do not.

**WHEREFORE**, Plaintiff incurred a violation of FDUTPA as a direct and proximate result of Defendants' NCO, HUGHES, JOHN DOE #1 and JOHN DOE #2 illegal conduct including frustration and stress caused by the actions perpetuated upon Plaintiff. Attorney's fees and costs are sought pursuant to Fla. Stat. § 501.2105. Plaintiff respectfully request that this court award damages, disgorgement of fees paid to Defendants NCO, HUGHES, JOHN DOE #1 and JOHN DOE #2, and any other just and appropriate relief under the law.

## COUNT IV
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION BY DEFENDANTS NCO, HUGHES, JOHN DOE #1 AND JOHN DOE #2

92. Plaintiff incorporates by reference paragraphs 1-91 of this complaint as though fully stated herein.

93. The tort of invasion of privacy by intrusion upon seclusion is a common law cause of action by virtue of the U.S. Constitution, 4th Amendment, which guarantees citizens to be secure in their own persons, houses, papers, and effects without unnecessary intrusion or invasion of their privacy.

94. Defendants NCO, HUGHES, JOHN DOE #1 and JOHN DOE #2 intentionally interfered, physically or otherwise, with the solitude, seclusion, privacy and/or private concerns or affairs of Plaintiff when engaging in the above described collection practices without legal justification therefor.

95. Defendants NCO, HUGHES, JOHN DOE #1 and JOHN DOE #2 intentionally caused harm to Plaintiff's solitude, emotional wellbeing by engaging in highly offensive conduct in the course of collecting this alleged debt thereby invading and intruding upon Plaintiff's right to privacy and solitude.

96. Plaintiff had a reasonable expectation of privacy in Plaintiff's privacy, solitude, seclusion, and or private concerns or affairs and papers.

97. These intrusions and invasions by Defendants NCO, HUGHES, JOHN DOE #1 and JOHN DOE #2 occurred in a way that would be highly offensive to a reasonable person in that position.

98. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

**WHEREFORE**, Plaintiff respectfully requests that this court award damages, and any other just and appropriate relief under the law, including but not limited to costs against Defendants NCO, HUGHES, JOHN DOE #1 and JOHN DOE #2.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: August, 2013.

Respectfully submitted,


*s/ Jonathan K. Wright Jr.*
Jon Wright, Esq.
Attorney for Plaintiff
FL Bar # 101209
1415 NW 15th Avenue
Suite 1102
Miami, Florida  33125